IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Anthony Fred Martin, | ) | Case No.: 4:19-cv-03568-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Curtis Early, Susan Duffy, Jonathan Bennett, Ms. Beeks, and Captain Lasley, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Rule 59(e) Motion to Alter or Amend Judgement (sic) (DE 84) regarding the Court's Opinion and Order ("Order") (DE 81) that adopts the Report and Recommendation ("Report") (DE 74) and grants Defendants' Motion for Summary Judgment (DE 54) and denies Plaintiff's Motion for Summary Judgment (DE 49). For the reasons set forth below, the motion is denied.

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Collison v. Int'l Chm. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994) (internal quotation marks omitted). Plaintiff contends the Court "committed a clear error of law which amounts to an abuse of discretion" because the Court failed to address what he alternatively styles as his "witness tampering" or "18 U.S.C. § 1512(a)(2)" Motion.[2] (DE 84, p. 2.)

---

[2]   Although Plaintiff asserts this motion was filed on February 21, 2020, the Court is not aware of a such a filing in the record.

As a threshold matter, Plaintiff fails to identify any Fourth Circuit or Supreme Court precedence to support his clear error of law argument. Nevertheless, for clarity this Court's adoption of the Report was based on the lack of a specific objection. Plaintiff presents no legal arguments in his present Motion as to why the waiver rule set forth in <u>Diamond</u> should not be enforced, and accordingly has not established a change in controlling law or clear legal error which must be corrected. See <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (2005). Therefore, Plaintiff's clear error of law claim does not support the narrow circumstances that justify reconsideration or relief from the Court's Order. Since the Plaintiff has not identified a clear error of law, an injustice, or any other reason that justifies relief from the Order, there is no basis to reconsider the Court's prior order or to provide relief therefrom.

For these reasons, the Court denies Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment (DE 84).

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

May 25, 2021
Greenville, South Carolina